UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LONNIE BRAND, JR.                                                  Plaintiff

v.                                              Civil Action No. 3:18-CV-387-RGJ

HARDIN COUNTY COURT RECORDS                          Defendants
DEPT., *et al.*

\* \* \* \* \*

## MEMORANDUM OPINION

The instant *pro se* 42 U.S.C. § 1983 action originally was brought by two prisoners jointly. However, by prior Memorandum and Opinion, the Court dismissed Jonathan Reed as a Plaintiff to this action leaving Lonnie Brand, Jr., as the only Plaintiff in this case. When the Court undertook initial review of the case pursuant to 28 U.S.C. § 1915A, it was unable to discern from the complaint which claims Brand was asserting and against which Defendants and which claims had been asserted by Reed. Moreover, the complaint failed to state how any Defendant was personally involved in the events giving rise to the claims.

Therefore, the Court entered a Memorandum and Order on December 18, 2018, directing Brand to file an amended complaint asserting the claims he wished to assert on his own behalf; to name any individuals whom he believed violated his rights; and to state specific allegations against each Defendant. The Court warned Brand that his failure to file an amended complaint within the time allotted would result in dismissal of the instant action.

More than 30 days have passed, and Brand has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Brand assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a

court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Brand's failure to file an amended complaint in violation of the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff Brand, *pro se*
　　　Defendants
A961.010